**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000777
31-JUL-2026
07:53 AM
Dkt. 75 SO**

NO. CAAP-24-0000777

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
NALUAKEA CAVASSO, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-24-0000135)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)

In this appeal, Defendant-Appellant Naluakea Cavasso
(**Cavasso**) contends the circuit court plainly erred by giving a
fourth-degree theft (**Theft 4**) jury instruction as an included
offense to the charged offense of second-degree theft "from the
person of another" (**Theft 2-from-person**) under Hawaii Revised
Statutes (**HRS**) § 708-831(1)(a).[1]  We affirm.

---

[1]    HRS § 708-831 (2014 & 2024 Supp.), entitled "Theft in the second
degree," provides that second-degree theft may be committed in two ways
relevant here, by theft of property "from the person of another" under
subsection (1)(a), or theft of property "the value of which exceeds $750"
under subsection (1)(b).

Cavasso appeals from the October 22, 2024 "Judgment of Conviction and Probation Sentence" (**Judgment**), entered by the Circuit Court of the First Circuit (**Circuit Court**).[2]

Cavasso's single point of error contends that the Theft 4 instruction was erroneously given because Theft 4 is not included in the offense of Theft 2-from-person.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Cavasso's point of error as follows.

Plaintiff-Appellee State of Hawaiʻi (**State**) charged Cavasso with one count of Theft 2-from-person, as follows:  "On or about January 20, 2024 . . . NALUAKEA CAVASSO did intentionally obtain or exert unauthorized control over another's property from the person of K.J. (2008), with intent to deprive K.J. (2008) of the property[.]"  Following a jury trial, Cavasso was found guilty of Theft 4[3] and sentenced to six months of probation and ten hours of community service.

The following background is based on testimony at trial.  The complainant K.J., a 15-year-old male, testified that on the evening of January 20, 2024, while he and his friends were pulling up to Sandy Beach in their vehicle, they were approached by Cavasso, aged nineteen, and a group of his friends.  Both Cavasso and K.J. testified that, for several weeks, they were involved in a dispute regarding a common acquaintance.  Cavasso attempted to pull K.J. out of the vehicle

---

[2]     The Honorable Trish K. Morikawa presided.

[3]     The Theft 4 statute, HRS § 708-833 (2014 & 2024 Supp.), provides that Theft 4 is committed "if the person commits theft of property or services of any value not in excess of $250."

and, according to K.J.'s testimony, took K.J.'s cell phone. Cavasso denied taking the phone. K.J. and his friends drove away and reported the incident to the police. Later that evening, K.J.'s cell phone was recovered at the parking lot of Sandy Beach.

The Circuit Court instructed the jury on Theft 2-from-person and Theft 4 as an included offense, as follows:

> THE COURT: . . . .
>
> The defendant, Naluakea Cavasso, is charged with the offense of theft in the second degree. A person commits the offense of theft in the second degree if he obtains or exerts unauthorized control over the property of another, from the person of another, with intent to deprive the person of the property. There are three material elements of the offense of theft in the second degree. Each of which the prosecution must prove beyond a reasonable doubt. These three elements are: One, that on or about January 20, 2024, in the City and County of Honolulu, State of Hawaii, [Cavasso] obtained or exerted unauthorized control over the property of [K.J.]; and two, that [Cavasso] did so from the person of [K.J.]; and three, that [Cavasso] did so with the intent is [(sic)] to deprive [K.J.] of the property.
>
> If and only if you find [Cavasso] not guilty of theft in the second degree, or you are unable to reach a unanimous verdict as to this offense, then you must consider whether [Cavasso] is guilty or not guilty of the included offense of theft in the fourth degree.
>
> A person commits the offense of theft in the fourth degree if he obtains or exerts unauthorized control over the property of another, <u>the value of which does not exceed $250</u>, with intent to deprive the person of the property. There are four material elements of the offense of theft fourth degree, each of which the prosecution must prove beyond a reasonable doubt. These four elements are: One, that on or about January 20, 2024, in the City and County of Honolulu, State of Hawaii, [Cavasso] obtained or exerted unauthorized control over the property of [K.J.]; and two, that [Cavasso] did so with the intent to deprive [K.J.] of the property; and <u>three, that [Cavasso] was aware or believed the value of the property did not exceed $250</u>. And three -- oh, sorry -- <u>and four, that the value of the property did not exceed $250</u>.

3

(Emphases added.)  Cavasso did not object.

"When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading."  State v. Metcalfe, 129 Hawaiʻi 206, 222, 297 P.3d 1062, 1078 (2013) (citations omitted).  "[O]nce instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction, *i.e.*, that the erroneous jury instruction was not harmless beyond a reasonable doubt."  State v. Nichols, 111 Hawaiʻi 327, 337, 141 P.3d 974, 984 (2006).

Cavasso argues the Circuit Court "plainly erred by instructing the jury on Theft 4" because Theft 4 "is not a lesser included offense of [Theft 2-from-person], HRS § 708-831(1)(a)."  Cavasso contends that HRS § 708-833, the statute codifying Theft 4, fails the tests provided by HRS § 701-109(4)[4] to determine included offenses.  Specifically, Cavasso's HRS § 701-109(4)(a) argument is that establishing Theft 4 requires proof that Cavasso "was aware or believed the value of K.J.'s cell phone did not exceed $250" and that "the value of K.J.'s cell phone did not exceed $250[,]" i.e., facts not required to establish Theft 2-from-person under HRS § 708-831(1)(a).

---

[4]     HRS § 701-109(4) (2014 & 2024 Supp.) specifies when a defendant may be convicted of an included offense.  The two subsections upon which Cavasso relies, provide that a conviction for an included offense is permissible if: "(a) [i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged;" or "(c) [i]t differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission."

(Brackets omitted.)  Cavasso's HRS § 701-109(4)(c) argument is that Theft 2-from-person and Theft 4 do not address an "injury or risk of injury to the same person, property, or public interest" because "Theft 4 involves injury solely to pecuniary and/or property interests" but "Theft 2[-from-person] involves a potential for physical violence or alarm."  (Emphasis added.)

The State counters that establishing Theft 4 does not require proof that the value of property stolen is less than $250 because HRS § 708-833 is a "catch-all statute that applies to theft of *any* amount."  While the State appears to concede that the Circuit Court's Theft 4 instruction may have been erroneous due to the "value" language in the third and fourth elements, the State urges any such error was harmless "because the jury clearly found that the complaining witness' cellphone had some value, regardless of whether that value was over or under $250."  To interpret HRS § 708-833 otherwise, the State argues, would produce an absurd result because a defendant charged with Theft 4 would necessarily be acquitted upon a finding that the stolen property's value exceeded $250.[5]  The State also asserts that Theft 2-from-person and Theft 4 "contain the same intentional state of mind with respect to all the elements of those offenses[,]" to wit, the "intent to deprive the other of the property" under the "theft" definition in HRS § 708-830(1).[6]

_____

[5]    In support of this proposition, the State cites a statutory construction principle from State v. McKnight, 131 Hawaiʻi 379, 389, 319 P.3d 298, 308 (2013), that "the court will depart from a literal reading of a statute when the plain language results in an absurd or unjust result and is clearly inconsistent with the purposes and policies of the statute." (Citations and internal quotation marks omitted.)

[6]    HRS § 708-830(1) (2014) defines "theft" in relevant part as follows: "A person commits theft if the person . . . [o]btains or exerts

The State's arguments are persuasive.  The State points to State v. Brooks, 123 Hawai'i 456, 472-73, 235 P.3d 1168, 1184-85 (App. 2010), which held that second-degree robbery and Theft 4 were included offenses of first-degree robbery. Brooks in turn relied on State v. Mitsuda, 86 Hawai'i 37, 46, 947 P.2d 349, 358 (1997), in which the supreme court held that Theft 4 is an included offense of first-degree robbery under HRS § 708-840(1)(b)(ii) (**Robbery First Degree**).[7]  Similar to the Theft 2-from-person offense at issue here, which consists of theft with the additional element of "from the person," the Robbery First Degree offense consists of theft with the additional elements of "armed with a dangerous instrument," a threat of "imminent use of force" against the person of anyone present, with "intent to compel acquiescence to the taking of or escaping with the property."  HRS § 708-840(1)(b)(ii).  Both Theft 2-from-person and Robbery First Degree include the offense

_____

unauthorized control over property.  A person obtains or exerts unauthorized control over the property of another with intent to deprive the other of the property."

    [7]     The Robbery First Degree statute at issue in Mitsuda, HRS § 708-840(1)(b)(ii) (1993), provided that:

>           (1) A person commits the offense of robbery in the first degree
>               if, <u>in the course of committing theft</u>:
>
>     . . . .
>
>           (b) The person is armed with a dangerous instrument and:
>
>     . . . .
>
>               (ii) The person threatens the imminent use of force
>                    against the person of anyone who is present with
>                    intent to compel acquiescence to the taking of or
>                    escaping with the property.

(Emphasis added.)

of "theft," which HRS § 708-830 defines as "obtain[ing] or exert[ing] unauthorized control over the property of another with intent to deprive the other of the property."

In Mitsuda, an intruder broke into a home and pointed a screwdriver at the homeowner when confronted; the homeowner and the intruder struggled over the screwdriver; after the intruder fled, the homeowner's family discovered the underlying theft, i.e., a manicure case that was determined to be missing based on an observation of pieces from the manicure set under a comforter where the intruder had initially been hiding. Id. at 38-41, 947 P.2d at 350-53. The supreme court reversed defendant Mitsuda's Robbery First Degree conviction where "there was insufficient evidence as a matter of law" to show "the victim's awareness of the theft," "a necessary element of robbery pursuant to HRS § 708-840(1)(b)(ii)[,]" because HRS § 708-840(1)(b)(ii) requires that a "threat be made with the intent 'to compel acquiescence to the taking of or escaping with the property.'" Id. at 46, 947 P.2d at 358. The Mitsuda court explained that because "the jury necessarily found that Mitsuda was guilty of the included offense of theft" and "there was sufficient evidence to support" a Theft 4 conviction, the jury instructions were not "prejudicially insufficient, erroneous or misleading" in that case, and the court remanded with instructions for the entry of a Theft 4 judgment of conviction. Id. The factual summary in Mitsuda contains no mention of the value of the manicure set, and a footnote points out that "no value was established for the manicure set." Id. at 45 n.7, 947 P.2d at 357 n.7.

Here, similar to the Robbery First Degree offense in Mitsuda, Theft 2-from-person includes a "theft" offense along

7

with the additional element that the theft be committed "from the person."  A Theft 4 offense under HRS § 708-833 applies to theft of property of "any value."  "[A]ny value" is not an additional element of proof that disqualifies Theft 4 as an included offense of Theft 2-from-person.  See Mitsuda, 86 Hawaiʻi at 45 n.7, 947 P.2d at 357 n.7 (convicting defendant of Theft 4 as an included offense of Robbery First Degree where "no value was established" for the object of the theft).

While Theft 4 is applicable to property of "any value" and an included offense to Theft 2-from-person, the instruction in this case did not state that the property could be of "any value."  Instead, the instruction erroneously added two value-based elements, i.e., a third element that Cavasso "was aware or believed the value of the property did not exceed $250" and a fourth element that "the value of the property did not exceed $250[,]" without stating the property could be of "any value." While this language in the instruction was erroneous in light of HRS § 708-833's "any value" language, we conclude that the error was harmless beyond a reasonable doubt under the circumstances of this case.  See Metcalfe, 129 Hawaiʻi at 222, 297 P.3d at 1078; Nichols, 111 Hawaiʻi at 337, 141 P.3d at 984.  By convicting Cavasso of Theft 4 as instructed, the jury necessarily found the value of the cell phone at issue in this case did not exceed $250, which means the cell phone had "any value" under HRS § 708-833.

Accordingly, the Circuit Court did not plainly err in its decision to provide the Theft 4 jury instruction, and the errors within that instruction were harmless beyond a reasonable doubt under the circumstances of this case.  See Nichols, 111

Hawaiʻi at 337, 141 P.3d at 984; <u>Mitsuda</u>, 86 Hawaiʻi at 46, 947 P.2d at 358.

For the foregoing reasons, we affirm the October 22, 2024 Judgment, entered by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, July 31, 2026.

On the briefs:

Henry P. Ting,
Deputy Public Defender
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge